IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE A. ROBINSON,

    Plaintiff,

  v.

OAKLAND POLICE DEPT., et al.,

    Defendants.
                               /

No. C 09-05526 CW (PR)

ORDER OF DISMISSAL

Plaintiff, who is confined at the Santa Rita Jail, has filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff sues Defendants for the alleged violation of his constitutional rights during the course of their investigation on September 26, 2008. He alleges that Defendants "responded to a crim[e] scene[,] conducted an investigation . . . collected some evidence but faild [sic] to collect and preserve evidence which had . . . exculpatory value [and] gave evidence back to the victim without preserveing [sic] it." (Compl. at 3.) He adds that "because of this" he has been "held in Alameda County Jail for 13 mo. and counting without no other way to prove my innocents [sic]." (Id.) He seeks money damages.

Venue is proper in this Court because the injuries complained of occurred in Alameda County, which is located within the Northern District of California. See 28 U.S.C. § 1391.

STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff seeks damages for the alleged violation of his constitutional rights in connection with the investigation conducted by Defendants which led to his confinement in jail, presumably due to criminal charges stemming from his arrest. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.  The court should not stay any § 1983 claim for damages implicating the validity of a criminal conviction or sentence until criminal proceedings are completed. Edwards v. Balisok, 520 U.S. 641, 649 (1997).  Heck makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90 (footnote omitted).  Any such claim is not cognizable and therefore should be dismissed. See Edwards, 520 U.S. at 649; Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by Heck may be dismissed under Rule 12(b)(6)); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

Plaintiff's claims would, if meritorious, imply the invalidity of his state arrest, detention and any subsequent conviction. Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was

invalidated); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>Heck</u> barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). <u>Heck</u> also bars claims which necessarily implicate the validity of pending criminal charges. <u>See</u> <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000).

Because Plaintiff was involved in ongoing state criminal proceedings when he filed these actions and has not informed the Court since that charges against him have been dismissed or that any resulting conviction has been overturned or invalidated by a state tribunal, these actions must be DISMISSED. The dismissal is without prejudice to Plaintiff bringing a new action raising these claims should he satisfy the <u>Heck</u> pleading requirements.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

Dated: 4/20/2010

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRUCE A. ROBINSON,

        Plaintiff,

v.

OAKLAND POLICE DEPT. et al,

        Defendant.

Case Number: CV09-05526 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bruce A. Robinson AWB805
Santa Rita Jail
5325 Broder Blvd.
Dublin, CA 94568

Dated: April 20, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk